IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER ERIC GANDEZA,

    Plaintiff,

  v.

THE BRACHFELD LAW GROUP and
ERICA LYNN BRACHFELD,

    Defendants.

Case No. C 13-0818 SC

ORDER GRANTING MOTION TO STRIKE

## I.  INTRODUCTION

This matter arises from a dispute under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq. Now before the Court is Plaintiff Christopher Eric Gandeza's ("Plaintiff") motion to strike Defendants Brachfeld Law Group and Erica Lynn Brachfeld's affirmative defenses. ECF Nos. 8 ("Ans."), 16 ("MTS"). The matter is fully briefed, ECF No. 18 ("Opp'n"), 19 ("Reply"), and suitable for decision without oral argument per Civil Local Rule 7-1(b).

## II. BACKGROUND

The factual background of this case is unimportant for the present order. The Court therefore provides only a short procedural summary.

On February 22, 2013, Plaintiff filed his Complaint, alleging causes of action stemming from the FDCPA and the Rosenthal Act. ECF No. 1 ("Compl."). Defendants answered the Complaint on March 29, 2013 and asserted nine affirmative defenses to Plaintiff's claims. Ans. ¶¶ 48-56.

Plaintiff moved to strike those defenses on April 19, 2013. According to Defendants' papers (and not disputed by Plaintiff), Defendants responded to Plaintiff's motion first by sending Plaintiff an email stating that Defendants would file an Amended Answer. Opp'n at 2. They gave Plaintiff a draft of this Amended Answer, which contained only two affirmative defenses, but Plaintiff did not withdraw his motion to strike or stipulate to the filing of an Amended Answer. Id. Defendants accordingly filed their opposition to Plaintiff's motion, in which they agree to withdraw all of their affirmative defenses except the failure to mitigate and bona fide error defenses. Id. They argue that since Plaintiff is on notice of what affirmative defenses will be litigated in the case, and since Defendants bear the burden on the two remaining defenses at litigation, Plaintiff's attempt to strike these two defenses is improper. Id. Alternatively, Defendants ask for leave to amend the Answer. Id. at 2-3. Plaintiff insists that the two remaining affirmative defenses are improperly pled but does not appear to contest Defendants' request that the Court grant leave to amend the Answer as justice requires. See Reply at 2-6.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike "are generally disfavored . . . [and] are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation."  Rosales v. Citibank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

### IV. DISCUSSION

Plaintiff argues that Defendants' affirmative defenses are improperly pled.  According to Plaintiff, an affirmative defense must meet the plausibility standards of Twombly and Iqbal.  See MTS at 2-4 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 566 U.S. 662 (2009)).

Defendants concede that seven of their nine affirmative defenses are deficient.  Opp'n at 2.  They therefore waive those defenses.  As to their bona fide mistake and failure to mitigate defenses, Defendants argue that a failure to plead facts is irrelevant, since Plaintiff is on notice of the defenses to be litigated and could therefore obtain sufficient facts at discovery.  See Opp'n at 4-6.

The Court finds that Defendants have failed to plead plausible facts supporting any of their Answer's affirmative defenses.  See Ans. ¶¶ 48-56.  As the Court has held previously, notice pleading is insufficient for affirmative defenses pled in answers.  Dion v.

3

Fulton Friedman & Gullace LLP, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (citing Barnes v. AT&T Pension Benefit Plan, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2011)).  Affirmative defenses, like complaints, must be supported with facts rendering the defense plausible under Twombly and Iqbal.  See id.  It is not enough that a plaintiff knows what legal defense will be argued: the plaintiff must also know the factual bases of the defense.  Id.

The Court therefore strikes Defendants' affirmative defenses. Defendants have leave to amend their Answer to plead the two affirmative defenses discussed in this Order and their briefing. Defendants must plead facts supporting those two defenses.  The Court finds that such a narrow amendment will not prejudice Plaintiff.

## V. CONCLUSION

Plaintiff Christopher Eric Gandeza's motion to strike Defendants Brachfeld Law Group and Erica Lynn Brachfeld's affirmative defenses is GRANTED.  Defendants have leave to file an amended answer, as discussed above.  They must do so within fifteen (15) days of this Order's signature date.


IT IS SO ORDERED.


Dated: June 27, 2013                          _____
                                              UNITED STATES DISTRICT JUDGE

4